(39 Misc. Rep. 142.)

PEOPLE v. FOODY.

(Court of General Sessions, New York County. October, 1902.)

1. INDICTMENT—NEGLECT OF OFFICIAL DUTY—DISMISSAL.

An indictment against a captain of the police force of the city of New York for willful neglect of duty will not be dismissed on a motion made before trial, where the court cannot say, as a matter of law, that the evidence is insufficient to justify the finding of an indictment, and when there is also a very general suspicion of police officials in the community.

Michael E. Foody was indicted for willful neglect of duty as a police officer. Motion to dismiss denied.

Black, Olcott, Gruber & Bonynge, for the motion.
William Travers Jerome, Dist. Atty., for the People.

FOSTER, J. Though this motion was argued before me in July last, the papers did not reach me in completed form until October 24, 1902. The defendant is a captain of the police force of the city of New York, and moves on the minutes of the grand jury to dismiss or set aside the indictment herein on the ground that it was found upon insufficient evidence. This indictment is for willful neglect of duty. The evidence before the grand jury is not as clear and convincing as might be desired, yet I must deny this motion for two reasons, which, because of the importance of the case, ought, perhaps, be briefly stated.

1. I cannot say, as a matter of law, that the evidence was not sufficient to justify the grand jury in their view of it. If there is evidence, then the force and weight and the credence to be given it is for the jury alone, and not for the court.

2. The defendant is a public officer,—a captain of police. There appears to be a very general suspicion of police officials, though whether well grounded I neither know nor declare; and for this reason, if for none other, this accusation, made by the grand inquest of this county under the solemnity of their oaths, ought not to be disposed of on a motion addressed to the discretion of the court. On this subject I said in People v. Spolasco, 15 N. Y. Cr. R. 293, 68 N. Y. Supp. 924, and it applies as well here: "Public interests and the furtherance of justice alike require the publicity of a trial, so that the whole truth as to these serious accusations may be known to all men." The motion here made may be as well determined on trial as before, and my decision in no way prejudices, and is in no way intended in any manner to prejudice, any of the defendant's rights; nor to permit the people, when a like motion shall be made at the trial, to assert it is res adjudicata.

Motion denied.